UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>EZRALEE KELLEY,<br><br>        Defendant. | NO. CR-06-136-LRS-2<br><br>**ORDER DENYING MOTION**<br>**FOR REDUCTION OF SENTENCE** |

**BEFORE THE COURT** is Defendant's "Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Based On Amendment 748 To The USSG" (ECF No. 151).

18 U.S.C. § 3582(c)(2) provides that where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and where the applicable Guidelines range has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)

**ORDER DENYING MOTION**
**FOR REDUCTION OF SENTENCE -**     1

(2011).

The Fair Sentencing Act of 2010 (FSA) directed the U.S. Sentencing Commission to promulgate emergency amendments to the Guidelines that would bring the Guidelines into conformity with the Act's substantive provisions reducing the criminal penalties for certain crack cocaine offenses. Pub.L. 111-220, 124 Stat. 2372, 2374. The result of that directive was Amendment 748 which, among other things, adjusted downward the base offense levels for crack cocaine possession. Amendment 748 was a temporary, emergency amendment. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. 76 Fed.Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect. Amendment 748 will be designated Amendment 750 in Appendix C of the United States Sentencing Guidelines. 76 Fed.Reg. 41332-35 (July 13, 2011). Amendment 750 became effective on November 1, 2011. It is listed in § 1B1.10(c) of the 2011 version of the Guidelines and can now serve as a basis for a retroactive sentence reduction under §3582(c)(2) following calculation of an amended guideline range.

Defendant entered into a Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement with a binding sentencing range of 180 to 262 months. (ECF No. 121). She was sentenced in January 2008 to 192 months. At the time of sentencing, her advisory guideline range was calculated at 262 to 367 months based on a Total Offense Level of 34 and a Criminal History Category of VI. At the time sentencing, Defendant's Base Offense Level was 34 based on the amount of cocaine base involved (162.97 grams). U.S.S.G. § 2D1.1(c)(3). This Base Offense Level was increased to 37, and the Criminal History Category increased from IV to VI, due to Defendant's designation as a Career Offender pursuant to U.S.S.G. §4B1.1(a) and (b), and the maximum statutory penalty for the offense of conviction being

**ORDER DENYING MOTION
FOR REDUCTION OF SENTENCE -      2**

"Life." With a three level reduction for acceptance of responsibility, Defendant's Total Offense Level was 34.

Pursuant to the Fair Sentencing Act of 2010, Defendant's Base Offense Level is now 28 instead of 34 based on the quantity of cocaine base involved. U.S.S.G. § 2D1.1(c)(6). Nevertheless, because of Defendant's designation as a Career Offender, that Base Offense Level is still increased to 37 and Defendant's Total Offense Level remains at 34 after a three level reduction for acceptance of responsibility. Defendant's Criminal History Category also remains at VI. Accordingly, Defendant's advisory guideline range continues to be 262 to 367 months. In light of this, the court finds no basis for reducing Defendant's sentence of incarceration as bounded by the 180 to 262 months range set forth in the 11(c)(1)(C) Plea Agreement.

Defendant's "Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) Based On Amendment 748 To The USSG" (ECF No. 151) is **DENIED**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to the Defendant, to Assistant U.S. Attorney K. Jill Bolton, Esq. (Spokane), to the U.S. Probation Office (Spokane), to the Director of the Bureau of Prisons (Federal Bureau of Prisons, Central Office, 320 First St., NW, Washington D.C. 20534), and to the United States Sentencing Commission (One Columbus Circle, N.E., Suite 2-500, South Lobby, Washington, D.C. 20002-8002).

DATED this  22nd  day of November, 2011.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE -    3**